# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS OLUSEYI OGUNSALU,<br><br>Plaintiff,<br><br>v.<br><br>SWEETWATER UNION HIGH SCHOOL DISTRICT, *et al.*,<br><br>Defendants. | Case No. 17-cv-01535-BAS-MDD<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION FOR LEAVE TO FILE EXCESS PAGES (ECF No. 11)**<br><br>**AND**<br><br>**(2) GRANTING MOTION TO DISMISS (ECF No. 8)** |

Plaintiff Cornelius Oluseyi Ogunsalu files this lawsuit against Sweetwater Union High School District ("SUHSD") alleging that the school district discriminated against him based on age and race when it refused to re-hire him as a substitute teacher. (Complaint, ECF No. 1.) He further sues Jennifer Carbuccia, general counsel for SUHSD, alleging that she conspired to have his teaching credentials revoked and his California Clear Credential application denied at an administrative law hearing. (Complaint ¶¶ 76, 77, 107, 108.)

Both defendants move to dismiss claiming they are immune from suit. (ECF No. 8.) Ogunsalu responds, agreeing that, under *Belanger v. Madera School Dist.*,

963 F.2d 248 (9th Cir. 1992), "[t]his court has no jurisdiction over Sweetwater Union High School District because it is an arm of the State" and immune from suit under the Eleventh Amendment. (ECF No. 10.)[1] Based on this concession, the Court **GRANTS** SUHSD's Motion to Dismiss with prejudice. (ECF No. 8.)

Carbuccia further moves to dismiss on the grounds that the single cause of action against her for civil conspiracy lacks requisite specificity. (ECF No. 8). The Court agrees. Therefore, the Court **GRANTS** Carbuccia's Motion to Dismiss with leave to amend. (ECF No. 8.)

I. STATEMENT OF FACTS—CLAIMS AGAINST CARBUCCIA

According to the Complaint, at "an Office of Administrative Hearings (OAH) hearing" on November 14-15, 2016, "various false and contrived testimonies where [sic] rendered before Administrative Law Judge Adam L. Berg" which resulted in Ogunsalu losing his teaching credential and being denied his Clear Credential application. (Complaint ¶¶ 76-79.) Ogunsalu apparently blames this result on SUHSD general counsel Jennifer Carbuccia, who he alleges conspired to have his teaching credentials revoked and his California Clear Credential application denied. (Complaint ¶¶106, 107.) Ogunsalu brings one count of "Civil Conspiracy in Violation of U.S.C. § 1983 against Jennifer Carbuccia" and Does 1-30. (Complaint at 17-18.)

In the Motion to Dismiss, Defendants request that the Court take judicial notice of various documents including the Memorandum of Decision revoking Ogunsalu's teaching credential ("Administrative Law Decision") (ECF No. 8-2 at Ex. A.). (ECF No. 8-3). Ogunsalu does not oppose.

---

[1] Ogunsalu files a forty-nine-page response in violation of both the local rules and this Court's chamber rules. However, Ogunsalu also simultaneously files a motion for leave to file a response with excess pages. (ECF No. 11.) Because Ogunsalu is acting pro per, the Court **GRANTS** the motion for leave to file excess pages.

Courts may not usually consider material outside the complaint when ruling on a motion to dismiss. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (superseded by statute on other grounds). However, documents specifically identified in the complaint whose authenticity is not questioned by parties may also be considered. *Fecht v. Price Co.*, 70 F.3d 1078, 1080 n.1 (9th Cir. 1995). Moreover, the court may consider the full text of those documents even when the complaint quotes only selected portions. *Id*. It may also consider material properly subject to judicial notice without converting the motion into one for summary judgment. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

Because Ogunsalu does not oppose and because Ogunsalu's allegations are based on the Administrative Law Decision which is specifically identified in the Complaint, the Court **GRANTS** the request to take judicial notice of Administrative Law Decision. (ECF No. 8-2 at Ex. A.)

The Administrative Law Decision states that the administrative law hearing was prosecuted by the Executive Director of California Commission on Teacher Credentialing, who was represented by a Deputy Attorney General (not Carbuccia). (ECF No. 8-2 at 4.) It further states that Ogunsalu did not appear and the matter proceeded as a default. (*Id.*) The Administrative Law Judge concluded in the decision that revocation was proper based on allegations that Ogunsalu "engaged in unprofessional and immoral conduct" while employed at San Diego Unified School District (not SUHSD) and based on testimony by principals of Bell Middle School, a campus police officer assigned to Bell Middle School, the Vice Principal of Bell Middle School, and a student and the father of the student at Bell Middle School. Bell Middle School is in the San Diego Unified School District, not SUHSD. (*Id.*) Carbuccia's name is not referenced in the Administrative Law Decision.

//

//

//

## II. ANALYSIS

### A. Standard

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in the complaint. Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). The court must accept all factual allegations pleaded in the complaint as true and must construe them and draw all reasonable inferences from them in favor of the nonmoving party. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations, rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Nonetheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A court need not accept "legal conclusions" as true. *Iqbal*, 556 U.S. at 678. Despite the deference the court must pay to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts that [he or she] has not alleged or that defendants have violated the . . .

laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

As a general rule, a court freely grants leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi*, 839 F.2d at 623. However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

### B. Civil Conspiracy

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." *Leer v. Murphy*, 844 F.2d 628, 632-633 (9th Cir. 1988). "To establish liability for conspiracy, a plaintiff must demonstrate existence of 'an agreement or meeting of the minds to violate constitutional rights.'" *E.F. v. Delano Joint Union High Sch. Dist.*, No. 16-cv-1166, 2016 WL 5846998, at *4 (E.D. Cal. Oct. 6, 2016) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-51 (9th Cir. 1989) (en banc)). "A plaintiff must allege specific facts to support the existence of the claimed conspiracy." *Id.* (citing *Olsen v. Idaho Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004). "'A mere allegation of conspiracy without factual specificity is insufficient.'" *Id.* (quoting *Karim-Panahi*, 839 F.2d at 626).

Carbuccia argues that she is immune from liability under California Government Code § 821.6. This may be true, but the Court is simply unable to

determine immunity because it is unclear from the face of the Complaint what Ogunsalu is alleging that Carbuccia did that makes her liable.

First, Ogunsalu fails to identify how any conduct of Carbuccia deprived him of any right protected by the Constitution or laws of the United States. The fact that his teaching credentials were revoked is insufficient. He must allege how this revocation violated a constitutional right. Second, plaintiff fails to allege how any agreement Carbuccia had with any other individuals allegedly violated his constitutional rights. And finally, plaintiff fails to allege any specific facts that support the existence of this agreement.

These failures are particularly noticeable because the Administrative Law Decision revoking Ogunsalu's teaching credentials lists all the witnesses and evidence justifying its decision and there is no reference to Carbuccia in the decision. It is not clear what Ogunsalu is alleging Carbuccia's role was in the administrative law hearing.

Furthermore, in his Response in Opposition to the Motion to Dismiss (ECF No. 10), Ogunsalu argues that his cause of action for conspiracy states a claim against Carbuccia with the requisite specificity, but he goes on for eight and a half pages detailing numerous wrongful actions by San Diego Unified School District and its general counsel (not by the defendants in this case). (Opp'n at 18-28.) The only allegation he makes against Carbuccia that he claims makes her liable for conspiracy is that "Sweetwater Union High School District personnel (including Jennifer Carbuccia) have been aware of EVERYTHING going on with plaintiff." (Opp'n at 25) (emphasis in original). Simply alleging that Carbuccia was aware of wrongdoing is insufficient.

If Ogunsalu intends to allege a cause of action for conspiracy against Carbuccia, he must outline how his constitutional or federal statutory rights were violated, how Carbuccia's actions makes her liable for this violation or what

agreement she had to violate these rights, and what specific facts support the existence of this alleged agreement.

## III.  CONCLUSION

The Court **GRANTS WITHOUT LEAVE TO AMEND** SUHSD's Motion to Dismiss.  (ECF No. 8.)  Ogunsalu concedes that SUHSD is immune from these claims under the Eleventh Amendment.  Counts One and Two, as well as all claims for Declaratory Relief, are dismissed with prejudice.  The Court **GRANTS WITH LEAVE TO AMEND** Carbuccia's Motion to Dismiss**.**  (ECF No. 8.)  If Ogunsalu chooses to file an amended complaint, he must do so **<u>no later than December 14, 2017</u>**.  Ogunsalu is cautioned that he may not add any new causes of action or additional defendants without leave of the Court. Fed. R. Civ. P., Rul 15(a)(2).

**IT IS SO ORDERED.**

DATED: November 21, 2017

Hon. Cynthia Bashant
United States District Judge