# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORNELIUS OLUSEYI OGUNSALU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SWEETWATER UNION HIGH SCHOOL DISTRICT, *et al.*,<br><br>　　　　Defendants. | Case No. 17-cv-01535-BAS-MDD<br><br>**ORDER:**<br><br>**(1) DENYING WITH PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF No. 23)**<br><br>**(2) DENYING AS MOOT PLAINTIFF'S MOTION TO WAIVE REQUIREMENT OF CIVIL LOCAL RULE 15.1(c) (ECF No. 26)**<br><br>**AND**<br><br>**(3) DISMISSING CASE** |

 Presently before the Court is Plaintiff Cornelius Oluseyi Ogunsalu's motion for leave to file a first amended complaint. (ECF No. 23.) On July 28, 2017, Ogunsalu initiated this action, processing pro se and in forma pauperis. (ECF Nos. 1, 4.) On November 21, 2017, the Court dismissed Ogunsalu's claims for employment discrimination under Title VII and age discrimination under the Age Discrimination in Employment Act ("ADEA") against Defendant Sweetwater Union High School

District ("SUHSD") with prejudice. (ECF No. 13.) The Court also dismissed conspiracy claims against Defendant Jennifer Carbuccia with leave to amend, instructing Ogunsalu how to cure the deficiencies of his complaint. (*Id.*) The Court reaffirmed both of these actions when Ogunsalu attempted to file a deficient first amended complaint. (ECF No. 19 (dismissing, again, claims against SUHSD and ordering "Ogunsalu to refile his First Amended Complaint with a more definite statement, which must include an intelligible claim against Defendant Carbuccia").) In the instant motion, Ogunsalu now seeks leave to pursue his Title VII and ADEA claims against newly named individual defendants, as well as additional claims against Carbuccia. Additionally, Ogunsalu asks the Court to waive the requirement under Civil Local Rule 15.1(c) to file a marked up version of the amended complaint following a motion to dismiss. (ECF No. 26.)

The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES WITH PREJUDICE** Ogunsalu's motion for leave to file a first amended complaint (ECF No. 23), and the claims are **DISMISSED WITHOUT LEAVE TO AMEND**. Additionally, the Court **DENIES AS MOOT** Ogunsalu's motion to waive the requirement of Civil Local Rule 15.1(c) (ECF No. 26). Accordingly, the Court **DISMISSES** this action.

I. STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides a party may amend its complaint only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend

District ("SUHSD") with prejudice. (ECF No. 13.) The Court also dismissed conspiracy claims against Defendant Jennifer Carbuccia with leave to amend, instructing Ogunsalu how to cure the deficiencies of his complaint. (*Id.*) The Court reaffirmed both of these actions when Ogunsalu attempted to file a deficient first amended complaint. (ECF No. 19 (dismissing, again, claims against SUHSD and ordering "Ogunsalu to refile his First Amended Complaint with a more definite statement, which must include an intelligible claim against Defendant Carbuccia").) In the instant motion, Ogunsalu now seeks leave to pursue his Title VII and ADEA claims against newly named individual defendants, as well as additional claims against Carbuccia. Additionally, Ogunsalu asks the Court to waive the requirement under Civil Local Rule 15.1(c) to file a marked up version of the amended complaint following a motion to dismiss. (ECF No. 26.)

The Court finds these motions suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES WITH PREJUDICE** Ogunsalu's motion for leave to file a first amended complaint (ECF No. 23), and the claims are **DISMISSED WITHOUT LEAVE TO AMEND**. Additionally, the Court **DENIES AS MOOT** Ogunsalu's motion to waive the requirement of Civil Local Rule 15.1(c) (ECF No. 26). Accordingly, the Court **DISMISSES** this action.

I. STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides a party may amend its complaint only with the opposing party's written consent or the court's leave. "The court should freely give leave when justice so requires," and apply this policy with "extreme liberality." *Id.*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). However, leave to amend is not to be granted automatically. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citing *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)). Granting leave to amend

rests in the sound discretion of the district court. *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331 (9th Cir. 1996).

"In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). "A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

The Court considers five factors in assessing a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of the amendment, and (5) whether the plaintiff has previously amended the complaint. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). Of these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). However, absent prejudice, a strong showing of the other factors may support denying leave to amend. *See id.*

## II. ANALYSIS

### a. First and Third Counts

In its previous complaint, Ogunsalu asserted claims for employment discrimination based on "race, color and national origin in violation of Title VII [of the] Civil Rights Act" (42 U.S.C. § 1981), as well as age discrimination under the ADEA (29 U.S.C. § 621, *et seq.*), against SUHSD. (ECF No. 1.) The Court dismissed these claims without leave to amend. (ECF Nos. 13, 19.) Ogunsalu now seeks leave to bring identical claims against individual defendants who work for SUHSD.

(Proposed First Amended Complaint ("FAC"), ECF No. 23-2, at 21, 24.) Specifically, the First Count, alleging employment discrimination under Title VII, is brought against Defendants Milena Aubry, Ricardo Cooke, Juan Neria, and Gina Galvez-Mallari. (*Id.* at 21; *see also id.* ¶ 7 (listing all four defendants as employees of SUHSD).) And the Third Court, alleging age discrimination under the ADEA, is brought against Defendant Milena Aubry. (*Id.* at 24; *see also id.* ¶ 7 (alleging Aubry works for SUHSD).)

In her response to Ogunsalu's motion, Carbuccia argues that, though these counts are not asserted against her, allowing these amendments would be futile because, among other deficiencies,[1] there is no liability for individuals under Title VII or the ADEA. (ECF No. 24 at 3-4.) The Court agrees. The Ninth Circuit determined that its ruling that "individual defendants cannot be held liable for damages under Title VII is good law, and, because of the similarities in the Title VII and ADEA statutory schemes, is applicable to suits under the ADEA." *Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 588-89 (9th Cir. 1993) ("There is no reason to stretch the liability of individual employees beyond the respondeat superior principle intended by Congress."). Thus, allowing Ogunsalu to amend his complaint to add claims under these statutes against individual defendants would be futile. The Court would ultimately have to dismiss these claims, and no additional facts or allegations could cure this deficiency. *See id.*

Additionally, because Ogunsalu already sought to bring these claims against SUHSD (twice), the Court finds that it has already determined that amending these claims would be futile. (ECF Nos. 13, 19.) The Court determined, and Ogunsalu agreed, that SUHSD was immune from these claims under the Eleventh Amendment. Ogunsalu cannot now try to circumvent this Court's Orders, and Congress's intent,

---

[1] Carbuccia recognizes that the First and Third Counts are "in essence" the same claims as those asserted against the SUHSD in the original complaint, and that Ogunsalu now is attempting to restate those previously dismissed claims against the school district's employees. (ECF No. 24 at 3.)

by seeking to bring these claims against SUHSD's employees. *See Miller*, 991 F.2d at 588-89.

Accordingly, the Court **DENIES** Ogunsalu leave to amend the complaint to add the First and Third Counts against the newly added defendants. These claims are **DISMISSED WITHOUT LEAVE TO AMEND**.

### b. Allegations Against Carbuccia

Ogunsalu alleges in the FAC that, at "an Office of Administrative Hearings (OAH) hearing" on November 14-15, 2016, "various false and contrived testimonies where [sic] rendered or were slated to be rendered before Administrative Law Judge Adam L. Berg," which resulted in Ogunsalu losing his teaching credential and being denied his Clear Credential application. (ECF No. 23-2 ¶¶ 76-79.) Ogunsalu apparently blames this result on Carbuccia, SUHSD's general counsel, who he alleges conspired to have his teaching credentials revoked and his California Clear Credential application denied. (ECF No. 23-2 ¶¶ 83, 86-93, 99-101.) Ogunsalu brings one count of "Civil Conspiracy in Violation of U.S.C. § 1983, U.S.C. 1985, and U.S.C. 1986 against Jennifer Carbuccia" and lists the various individuals and government agencies with whom Carbuccia alleged conspired. (ECF No. 23-2 at 23.)

In the Court's previous Order, it outlined three deficiencies with the allegations against Carbuccia. (ECF No. 13 at 6.) First, the Court stated that "Ogunsalu fail[ed] to identify how any conduct of Carbuccia deprived him of any right protected by the Constitution or laws of the United States." (*Id.*) The Court went on to explain that "[t]he fact that his teaching credentials were revoked is insufficient. He must allege how this revocation violated a constitutional right." (*Id.*) Second, the Court found Ogunsalu "fail[ed] to allege how any agreement Carbuccia had with any other individuals allegedly violated his constitutional rights." (*Id.*) Lastly, Ogunsalu "fail[ed] to allege any specific facts that support the existence of this agreement."

The Court reiterated these deficiencies, and even stated succinctly how Ogunsalu could cure these three deficiencies:

> If Ogunsalu intends to allege a cause of action for conspiracy against Carbuccia, he must outline how his constitutional or federal statutory rights were violated, how Carbuccia's actions makes her liable for this violation or what agreement she had to violate these rights, and what specific facts support the existence of this alleged agreement.

*Id.* Additionally, after Ogunsalu filed an earlier version of the FAC (ECF No. 15), the Court ordered Ogunsalu to refile his FAC "with a more definite statement, which must include an intelligible claim against Defendant Carbuccia." (ECF No. 19.)

Even after construing the FAC liberally, the FAC still fails to include these requite allegations. Instead, the FAC is filled with multiple paragraphs stating conclusively that Carbuccia "conspired" with others against Ogunsalu. (*See, e.g.*, FAC ¶¶ 86-98.) Ogunsalu repeats allegations that Carbuccia "was colleagues and friends with" San Diego Unified School District employees and had "full knowledge" of the events surrounding Ogunsalu losing his teaching credentials. (*Id.*) These events relate to the administrative law hearing revoking Ogunsalu's teaching credentials, but Ogunsalu continues to fail to allege any facts regarding how Carbuccia was involved in that hearing.[2] Because the FAC does not allege facts that would cure the deficiencies outlined in the Court's previous Order, permitting leave to amend would be futile.

Given Ogunsalu's failure to allege any of the requisite facts against Carbuccia, despite the repeated guidance provided by the Court, it is clear that Ogunsalu cannot cure the deficiencies related to these claims. Accordingly, the Court **DENIES** Ogunsalu leave to amend his claims against Carbuccia. *See Jackson v. Carey*, 353

---

[2] In its previous Order, the Court found the original complaint's deficiencies were "particularly noticeable because the Administrative Law Decision revoking Ogunsalu's teaching credentials lists all the witnesses and evidence justifying its decision and there is no reference to Carbuccia in the decision." (ECF No. 13 at 6.) It remains unclear to the Court what Carbuccia's role was in the administrative law hearing.

F.3d 750, 758 (9th Cir.2003) ("Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment."); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing "repeated failure to cure deficiencies by amendments previously allowed" as a reason to deny without leave to amend). Therefore, the claims against Carbuccia are **DISMISSED WITHOUT LEAVE TO AMEND**.

### c. Claims for Obstruction for Justice Under 18 U.S.C. § 1503

Ogunsalu appears to seek to add claims for obstruction of justice under 18 U.S.C. § 1503. These claims are included at the end of Ogunsalu's Second Cause of Action, and appear to be alleged against various defendants. (*See* FAC at 2, 23.) However, amending the complaint to add these obstruction of justice claims would be futile because 18 U.S.C. § 1503 is a criminal statute, and therefore, there is no right to a private action for the violation of this statute. *See Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) (finding denying leave to amend to add claims under 18 U.S.C. § 1503 was not an abuse of discretion because adding such claims would have been futile).

Thus, the Court **DENIES** Ogunsalu leave to amend the complaint to add claims under 18 U.S.C. § 1503.

## III. CONCLUSION

In light of the foregoing, and exercising its discretion, the Court **DENIES WITH PREJUDICE** Ogunsalu's motion for leave to file a first amended complaint (ECF No. 13), and the claims are **DISMISSED WITHOUT LEAVE TO AMEND**. The Court further **DENIES AS MOOT** Ogunsalu's motion to waive the requirement under Civil Local Rule 15.1(c). (ECF No. 26.)

Accordingly, with no remaining claims, this action is **DISMISSED**. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: March 14, 2018

Hon. Cynthia Bashant
United States District Judge